# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

HERBERT GLENN HEAD,

    Plaintiff,

vs.                               No. CV 17-00385 WJ/CG

DOCTOR L. BAILLY and or
CAPTAIN JARAMILLO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. § 1915A on the Petition for a Writ of : 'Habeas Corpus':" filed by Plaintiff Herbert Glenn Head. (Doc. 1). The Court construes Head's filing as a civil rights complaint and dismisses the complaint for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6).

### *A. Factual and Procedural Background*

Plaintiff Head filed his handwritten complaint on March 28, 2017. In the complaint, he states:

> "It is my right to see, review, and or read my hole and complet medical file. However, I was just told to day by a Captain: Jaramillo. that she would not let me see, or reed or get a copy of my personal medical file . . . No inmate shall be so then deprived from there reviewing or reeding or being given or provied with a complet copy of there hole medical file. when the contents of that said medical file is at issue in a court of law. that is being used as evident to display to the court. the truth of the allege allegation of deliberate indifference with her depriving me of seeing my hole medical file and stating to me. that only an attorney or doctor could see, reed, or review my medical file. Not only do I want to see my hole medical file. But I am an attorney at law also, but I do not at this time practice law any more. as I am over 66 years old!"

(Doc. 1 at 1, 3). The relief requested by Head is contained in a proposed Order of the Court attached to his complaint. (Doc. 1-1). The proposed Order provides:

> "It is the ongoing Order of this Court. that the New Mexico Department of prisons Does not at this time, or in the future ever at any time or date victimize inmate Herbert Glenn Head 80498 in any way what so ever. For this filing of any motions. that he has or is now filing with this Honorable court of Law. that no self seriving ramification or any consequences will be take against inmate Head at any given time. Nor will He be moved to any other location without your notification and approval of this court. It is also the order of this court. that inmate Head be allow to see and or review his hole and complet medical file, and that you will then provied him with whatever copy's that he may need free of charge. It is also order, that officers at any time will conduct a search of inmate Head's property or any of his legal paperwork with out inmate Head being there. at the time of the said search and that a officer also be present and that a writen record be keep concerning any search."

(Doc. 1-1 at 1-2) (errors in the original).

### B. Standards for Failure to State a Claim

Plaintiff Head is proceeding pro se. The Court has the discretion to dismiss a pro se complaint *sua sponte* for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d at1520-21. However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standard. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### C. *Analysis of Plaintiff Head's Complaint*

Although titled a habeas corpus petition, Plaintiff's filing challenges the conditions of his confinement and appears to assert § 1983 civil rights claims against New Mexico state officials. (Doc. 1, 1-1).[1] *See Wiley v. Holt*, 42 F. App'x 399, 400 (10th Cir. 2002) (claims attacking conditions of confinement, not the validity or duration of incarceration, are properly treated as §

---

[1] Head has filed seven prior cases in this Court. *Head v. Metropolitan Detention Center,* No. CV 15-00921 WJ/SCY; *Head v. New Mexico Attorney General,* No. CV 17-00748 RJ/KK; *Head v. Social Security Department,* No. CV 16-00844 WJ/SCY; *Head v. New Mexico Dept. of Corrections,* No. CV 16-00509 MCA/GJF; *Head v. Social Security Administration,* No. CV 16-00531 JCH/LF; *Head v. Direct Express Company,* No/ CV 16-00885 JCH/WPL; *Head v. New Mexico State Prison,* No. CV 16-00593 KG/SCY. Of the seven cases, five similarly were brought as habeas corpus cases, but did not properly seek habeas corpus relief.

3

1983 civil rights claims rather than habeas corpus claims). *See*, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006). A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original); *see, also, Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008).

Plaintiff Head names Doctor L. Bailly as a Defendant. (Doc. 1 at 1). However, the complaint is completely void of any allegation against Defendant Bailly. The complaint does not plead any individual action by Doctor Bailly, much less an action that resulted in violation of any constitutional right. The complaint does not state a § 1983 claim or any other claim for relief against Doctor L. Bailly. *Ashcroft v. Iqbal,* 556 U.S. at 676; *Twombly,* 550 U.S. at 570.

The complaint does allege that Captain Jaramillo has told Plaintiff she will not allow him to review his complete medical records. (Doc. 1 at 1). However, Head's proposed order does not seek any relief against Defendant Jaramillo. Instead, the proposed order seeks relief against the New Mexico Department of Prisons, a state agency that is not, and cannot be, a defendant in this

§ 1983 action. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989). *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989) (the state is not a "person" and cannot be sued under 42 U.S.C. § 1983). The complaint does not state a claim for relief against Captain Jaramillo. *Ashcroft v. Iqbal,* 556 U.S. at 676.

Moreover, even if Plaintiff Head did seek relief against Defendant Jaramillo, Plaintiff Head does not have a constitutional right to review his medical records and denying him access to the records does not state a § 1983 claim for relief. Inmates do have a constitutional right to access to medical care. *see Estelle v. Gamble,* 429 U.S. 97, 104–05 (1976). However, there is no authority for a constitutional right to own or review the inmate's own medical records. *See, e.g., Cannon v. Mason,* 2009 WL 588581, *3 (E.D.Okla. March 6, 2009) (unpublished decision) (dismissing prisoner's claim that he had a constitutional right to review his medical records). Plaintiff Head's claim that Defendant Jaramillo violated his 8th Amendment rights by refusing to allow him to review his medical records fails to state any claim for relief under § 1983.

To the extent Plaintiff Head may be trying to allege a violation of a due process right, the Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter,* 16 F.3d 367, 369 (10th Cir.1994). Denial of access to review medical records does not constitute deprivation of life or property. The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner,* 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer,* 408 U.S. 471, 481 (1972).

Nor do Plaintiff Head's allegations support a substantive due process claim. Plaintiff does not argue that he has a protected liberty interest in receiving his medical records, nor does he allege that he incurred a grievous loss. *Hovater v. Robinson,* 1 F.3d 1063, 1068 n. 4 (10th Cir.1993). The

allegations in Plaintiff's complaint are vague and conclusory, and do not rise to the level of a constitutional violation. *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir.1989), *cert. denied,* 493 U.S. 1059 (1990); *Lorraine v. United States,* 444 F.2d 1 (10th Cir.1971). The Court will dismiss Plaintiff Head's complaint as legally and factually insufficient to state a § 1983 claim for relief. *Ashcroft v. Iqbal,* 556 U.S. at 676; *Twombly,* 550 U.S. at 570.

The Court dismisses the complaint without leave to amend. Although a pro se plaintiff should ordinarily be granted an opportunity to correct defects in the complaint, leave to amend is properly denied where amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. Because there is no constitutional right to review medical records, Head will never be able to amend to state a constitutional claim, and allowing him the opportunity to amend his complaint would be futile. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

**IT IS ORDERED** that the Petition for a Writ of : 'Habeas Corpus': filed by Plaintiff Herbert Glenn Head. (Doc. 1), which the Court construes a § 1983 civil rights complaint, is **DISMISSED** for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6).

_____
CHIEF UNITED STATES DISTRICT JUDGE